UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY GRIFFIN,

      Plaintiff,

v.                                                                     8:09-CV-2640-T-33MAP

CITY OF TAMPA POLICE DEPARTMENT,
A. PETTIT, an individual,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

On January 14, 2010, this Court entered an order (doc. 4) directing Plaintiff to file an amended complaint. This amended complaint was to conform to the requirements of Fed.R.Civ.Pro. 8(a); namely Plaintiff was to provide a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that Plaintiff is entitled to relief, and a specific demand for the relief which Plaintiff seeks. Because 28 U.S.C. § 1915 represents a balance between facilitating an indigent person's access to the courts and curbing the potentially vast number of suits by such persons, who, unlike those who must pay in order to litigate their claims, have no economic disincentives to filing frivolous or malicious suits once *in forma pauperis* status is granted, district courts may dismiss a plaintiff's case that has little or no chance of success when it determines from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). An action "is frivolous where it lacks an arguable basis either in law or in fact." *Id.* at 325. Section 1915(a) also requires a court to dismiss the case if it determines the action "fails to state a claim on which relief

may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). Because the "language of Section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," court apply the same standard to both contexts. *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997).

This Court has already granted Plaintiff leave to amend to state valid claims. The amended complaint seems to allege the following: in Count I that Defendant's decision not to hire him amounted to racial discrimination; in Count II that Defendant retaliated against him for filing an EEOC complaint; in Count III that the Defendant retaliated against him by curtailing his and his son's ability to freely travel unencumbered and instituted a "covert systematic routine of civil rights violations"; in Count IV that Defendant's rouge agents sought to harm him through retaliatory actions targeting his child, Terry Griffin Jr., depriving the child of a right to education; in Count V that the Defendant systematically failed in its responsibilities regarding Plaintiff's basic civil rights including numerous police stops and offensive use of government resources; in Count VI that Defendant systematically failed to control, manage, train, and supervise or otherwise curtail excess egregious civil rights violations after repeated proper notice by Plaintiff to Internal Affairs; in Count VII that the Defendant failed to control, maintain, and discipline agents; in Count VIII that Defendant violated the Civil Rights Act of 1964 by allowing a renegade agent to act under color of law in contravention to public peace denying Plaintiff and his family due process; and in Count IX that Defendant failed to properly train, supervise, maintain oversight, or properly manage agent A. Pettit whose actions culminated in a life threatening event on September 9, 2009. However, the amended complaint on its face fails to make adequate claims of discrimination, retaliation, and violations of civil rights because Plaintiff does not allege any facts to support his claims that he was racially discriminated against, wrongfully retaliated against, or deprived of constitutional rights. The allegations amount to no more than conclusory statements of law unsupported by specific facts,

lacks clarity, and fail to state claims upon which relief may be granted.[1] Moreover, even assuming the allegations are capable of surviving a 12(b)(6) motion, I find the amended complaint does not present valid claims, and that the allegations are frivolous as defined herein. The factual contentions are far-fetched, baseless and "indisputably meritless.". *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991) (finding district court did not err in dismissing *in forma pauperis* complaints for frivolity when legal claims are indisputably meritless, facts far-fetched or baseless, or both).

After consideration, it is

RECOMMENDED:

1. Plaintiff's motion to proceed *in forma pauperis* be DENIED and the case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS SO REPORTED at Tampa, Florida on February 19, 2010.

_Mark A. Pizzo_
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

---

[1] For example, as in the original complaint, some counts allege that certain non-parties (namely, Terry Griffin Jr., Ronnie Griffin, Brock Griffin, Brice Griffin, Dexter Griffin, Lee P. Griffin Sr.) who have been damaged by actions of the Defendant. It is unclear who these persons are, or whether they are intended to be plaintiffs in the case. It is difficult to determine how many separate events the Plaintiff complains about (no dates are provided), whether the events were related, and what the Defendant did or did not do that caused harm to Plaintiff.

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:    Terry Griffin
       1705 Shadowlawn Avenue
       Tampa, FL 33610